**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROSARIO CARMEN MOJICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| REMEDIAL ENVIRONMENTAL | ) | |
| MANPOWER, INC., and FERRARA PAN | ) | |
| CANDY COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, ROSARIO CARMEN MOJICA, by and through her attorneys, THE

COFFEY LAW OFFICE, P.C., states as and for her Complaint against Defendants

REMEDIAL ENVIRONMENTAL MANPOWER, INC. (hereafter "REM"), and FERRARA

PAN CANDY COMPANY, INC. (hereafter "Ferrrara"), as follows:

**Nature of Case**

1.   Plaintiff brings this action against Defendants REM and Ferrara to recover

    damages proximately caused by Defendants' illegal discriminatory and retaliatory

    termination of her employment in violation of the Title VII of The Civil Rights Act of

    1964, as amended, 42 U.S.C. §§ 2000e *et seq.* (hereafter "Title VII"), and in

    violation of Section 6-101 of the Illinois Human Rights Act, as amended, 775 ILCS

    § 5/6-101 (the IHRA).

**Jurisdiction and Venue**

2.    The Court has original jurisdiction over Plaintiff's Title VII claims under 28 U.S.C. §§ 1331 and 1337.

3.    The Court has supplemental jurisdiction over Plaintiff's IHRA claim pursuant to 28 U.S.C. 1367(a).

4.    Venue is proper in the Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) in that Defendants' illegal acts complained of herein took place within the geographical boundaries of the Court's jurisdiction.

5.    On or about February 28, 2012, Plaintiff filed a timely charge of illegal harassment and discrimination against Defendant REM with the Illinois Department of Human Rights ("IDHR") (Charge No. 2012 CA 2333).  The charge was simultaneously cross-filed with the local district office of the EEOC.

6.    On or about June 6, 2012, Plaintiff filed a timely charge of illegal retaliation against Defendant REM with the IDHR (Charge No. 2012 CF 4064). The charge was simultaneously cross-filed with the local district office of the EEOC.

7.    On or about June 6, 2012, Plaintiff filed a timely charge of illegal discrimination and retaliation Defendant Ferrara with the IDHR (Charge No. 2012 CF 4063). The charge was simultaneously cross-filed with the local district office of the EEOC.

8.    Plaintiff subsequently transferred the aforementioned charges to the local district office of the EEOC for investigation.

–2–

9.      On June 4, 2013, the EEOC issued its Notices of Right to Sue in connection with the aforementioned Plaintiff's charges, copies of which are attached hereto.   The Complaint is being filed within 90 days of Plaintiff's receipt of the EEOC Right to Sue Notices.

**The Parties**

10.     Plaintiff, Rosario Carmen Mojica (hereafter "Rosario"), is a female individual residing at all relevant times in Cicero, Illinois, County of Cook.

11.     Defendant REM is an Illinois corporation registered and licensed to do business in Illinois, and operating primarily out of a facility in Forest Park, Illinois, within the geographical boundaries of the Court's jurisdiction, where REM's illegal activities described below took place.

12.     Defendant Ferrara is an Illinois corporation registered and licensed to do business in Illinois, and operating primarily out of a facility in Forest Park, Illinois, within the geographical boundaries of the Court's jurisdiction, where Ferrara's illegal activities described below took place.

13.     At all relevant times, Defendants REM and Ferrrara (collectively referred to as "Defendants") respectively employed in excess of 15 employees at their respective facilities in Forest Park and other local area work places, and were thus employers and covered entities as defined under Title VII.

14.     At all relevant times, Rosario was jointly employed by Defendants.

**Relevant Facts**

15.     Rosario began her employment with Defendants in May 2008.

–3–

16. Rosario's most recent position was Supervisor working primarily at Ferrara's facility in Forest Park, Illinois.

17. Rosario's job performance at all relevant times met or exceeded Defendants' legitimate expectations.

18. Beginning on or about September 15, 2011, and continuing at various times through to the date Defendants terminated her employment (i.e., February 16, 2012), Rosario was sexually harassed and/or harassed because of her perceived sexual orientation (homosexual) at work by two male machine operators who, on information and belief, were employed by Defendant Ferrrara.

19. Rosario reported the harassment to her superiors.

20. Defendants failed to take any reasonable action to address the harassment, or reasonably calculated to stop it from recurring.

21. On February 16, 2012, Defendants terminated Rosario's employment for no stated reason.

## Count I: Sex Discrimination in Violation of Title VII

22. Rosario restates and fully incorporates into Count I her allegations set forth in Paragraphs 1 through 21, above.

23. Title VII makes it unlawful to discriminate against an individual in the terms, conditions or privileges of employment on the basis of her or her sex.

24. Defendants terminated Rosario's employment because of her sex in violation of Title VII.

25. Defendants have treated similarly-situated, male employees more favorably than Rosario.

26. As a direct and proximate result of Defendants' illegal discrimination as described above, Rosario has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages, and she is expected to incur future damages.

27. Defendants knew that their discriminatory acts as described above were prohibited by Title VII, or acted with reckless disregard to that possibility.

## Count II: Sex Orientation Discrimination in Violation of the IHRA

28. Rosario restates and fully incorporates into Count II her allegations set forth in Paragraphs 1 through 21, above.

29. The IHRA makes it unlawful for an employer to discriminate against an employee in the terms, conditions or privileges of employment on the basis of her or her sexual orientation.

30. Defendants terminated Rosario's employment because of her sexual orientation in violation of the IHRA.

31. Defendants have treated similarly-situated employees who they perceived to be heterosexual more favorably than Rosario.

32. As a direct and proximate result of Defendants' illegal discrimination as described above, Rosario has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits

and other pecuniary and non-pecuniary damages, and she is expected to incur future damages.

33.     Defendants knew that their discriminatory acts as described above were prohibited by the IHRA, or acted with reckless disregard to that possibility.

## Count III: Retaliation in Violation of Title VII

34.     Rosario restates and fully incorporates into Count III her allegations set forth in Paragraphs 1 through 21, above.

35.     Title VII makes it unlawful for an employer to discriminate against an employee because he or she has opposed any practice made an unlawful employment practice by Title VII, or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or shearing under Title VII.

36.     Rosario, reasonably and in good faith, believed that the sex and sexual orientation harassment from the two male machine operators that she complained to Defendants about as described above was illegal workplace discrimination and/or harassment.

37.     As described above, Rosario's complaints to Defendant's were protected opposition activity under Section 2000e-3(a) of Title VII.

38.     Defendants terminated Rosario's employment because of her protected activity in violation of Title VII.

39.     Defendants have treated similarly situated, non-complaining employees more favorably than Rosario.

40.    As a direct and proximate result of Defendants' illegal retaliation as described above, Rosario has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages, and she is expected to incur future damages.

41.    Defendants knew that their retaliatory acts as described above were prohibited by Title VII, or acted with reckless disregard to that possibility.

**Count IV: Retaliation in Violation of the IHRA**

42.    Rosario restates and fully incorporates into Count IV her allegations set forth in Paragraphs 1 through 21, above.

43.    The IHRA makes it unlawful for an employer to discriminate against an employee because he or she has opposed what he or she reasonably and in good faith believes to be unlawful discrimination or sex harassment under the IHRA, or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or shearing under the IHRA.

44.    Rosario, reasonably and in good faith, believed that the sex and sexual orientation harassment from the two male machine operators that she complained to Defendants about as described above was illegal workplace discrimination and/or harassment.

45.    As described above, Rosario's complaints to Defendant's were protected opposition activity under Section 5/6-101 of the IHRA.

–7–

46.     Defendants terminated Rosario's employment because of her protected activity in violation of the IHRA.

47.     Defendants have treated similarly situated, non-complaining employees more favorably than Rosario.

48.     As a direct and proximate result of Defendants' illegal retaliation as described above, Rosario has suffered mental and physical pain and anguish, a loss of wages, including, but not limited to, salary, bonuses, a loss of employment benefits and other pecuniary and non-pecuniary damages, and she is expected to incur future damages.

49.     Defendants knew that their retaliatory acts as described above were prohibited by the IHRA, or acted with reckless disregard to that possibility.

### Prayer for Relief Common to all Counts

**WHEREFORE**, Plaintiff ROSARIO CARMEN MOJICA respectfully requests that the Court enter judgment in her favor and jointly and severally against Defendants, REMEDIAL ENVIRONMENTAL MANPOWER, INC., and FERRARA PAN CANDY COMPANY, INC., as follows:

A.      Order Defendants to make ROSARIO whole by paying her appropriate back pay and reimbursement for lost pension, social security and other benefits and out-of-pocket expenses, plus pre-judgment interest in an amount to be shown at trial;

B.      Order Defendants to immediately reinstate ROSARIO to her former position or one comparable thereto; or, in the alternative, order Defendants to pay ROSARIO an appropriate amount of front pay;

C.      Order Defendants to pay ROSARIO compensatory damages in the maximum amount allowable under the law;

D.      Order Defendants to pay ROSARIO punitive damages in the maximum amount allowable under the law.

E.      Order Defendants to pay ROSARIO's costs incurred in bringing the action, including, but not limited to, expert witness fees and reasonable attorneys' fees;

F.      Try all issues of fact to a jury; and,

G.      Grant such other relief as the Court deems just.

Respectfully submitted,
Plaintiff, ROSARIO CARMEN MOJICA,


By:      _____/s/ Timothy J. Coffey_____
         Timothy J. Coffey, Esq.
         THE COFFEY LAW OFFICE, P.C.
         Attorneys for ROSARIO CARMEN MOJICA
         352 W. Hubbard Street
         Suite 602
         Chicago, IL   60654
         (312) 627-9700

–9–